UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY as a subrogee of Refresco US Holding, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> PREFERRED MAINTENANCE & CONSTRUCTION, INC. <br><br> Defendant. | Cause: |

## COMPLAINT

NOW COMES Plaintiff ALLIANZ GLOBAL RISKS US INSURANCE COMPANY ("Allianz") as a subrogee of Refresco Beverages US, Inc., by and through its attorneys, Foran, Glennon, Palandech, Ponzi & Rudloff, P.C., and for its Complaint for damages against Defendant PREFERRED MAINTENANCE & CONSTRUCTION, INC. ("Preferred"), states as follows:

## THE PARTIES

1. Plaintiff Allianz is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Chicago, Illinois. At all relevant times, Allianz provided property insurance to Refresco Beverages US, Inc. ("Refresco") pursuant to its Policy of Insurance No. USP000633192 ("Policy").

2. Defendant Preferred was a Florida Corporation with its principal office located at 3227 Hwy. 630 Wy, Ft. Meade, FL 33841. Preferred was a general contractor who performed building maintenance.

## JURISDICTION & VENUE

3. The Court has diversity jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because complete diversity of citizenship exists, and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

4. Venue is proper in the District under 28 U.S.C. §1391(b)(2) because the property that is the subject of this action is situated in this District.

## FACTUAL BACKGROUND

5. At all times relevant, Allianz's subrogor, Refresco owns and operates a bottling and packing plant of retail beverages consisting of 6 parcels on 14.7 acres located at 2090 Bartow Road, Lakeland, FL, 33801, (the "Property").  The site has 11 buildings with 4 production lines.

6. Preferred was retained by Refresco to complete scheduled maintenance repairs to Line 1 Cooling Tunnel consisting of: (1) fabricating and installing 2 six-inch pipes for cooling tunnel; (2) fabricating and installing stainless steel box on cooling tunnel; and (3) fabricating and installing 14 headers on the cooling tunnel.

7. On July 31, 2020, Refresco issued Purchase Order No. 4501380722 ("the Purchase Order") to Preferred for work on the cooling tunnel.  The Purchase Order is attached as Exhibit A.

8. The cooling tunnel is a long machine with a plastic conveyor belt.  The cooling tunnel is used to cool off plastic juice bottles after they come out of the pasteurizing process during which time the bottles are kept at 180 ºF.

9. On August 5, 2020, Preferred was completing some of the work outlined in Purchase Order 4501380722.

10. One employee of Preferred was cutting with a MIG plasma cutter above the cooling tunnel while another Preferred employee was standing nearby keeping a fire watch. Although the cooling tunnel is an enclosed tunnel, a side panel was open directly below where the Preferred employee was cutting with the MIG plasma cutter.

11. While the Preferred employees were performing their work on August 5, 2020, the cooling tunnel was turned off and locked out.

12. While the Preferred employee was cutting above the cooling tunnel, weld slag fell from Preferred's cutting and ignited the plastic conveyor belt below, resulting in a fire at the Property.

13. As a result of the fire, Refresco sustained damages in the sum of approximately $12.3 Million.

14. As the insurer for Refresco, Allianz paid Refresco for damages incurred pursuant to the terms of the Policy issued by Allianz to Refresco, and as a result, became subrogated to Refresco's rights against any third parties arising from this loss including Preferred.

## COUNT I – NEGLIGENCE - PREFERRED

15. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-14 of this Complaint as though the same were fully set forth at length herein.

16. At all times relevant, Preferred owed Refresco the duty to exercise reasonable care and caution in the maintenance work performed at the Property, including but not limited to, the duty to exercise reasonable care while cutting with a MIG plasma cutter above the cooling tunnel as to avoid harming persons, property or business of Allianz's subrogor, Refresco.

17. Preferred was negligent and breached the aforementioned duty to exercise reasonable care and caution in the performance of its maintenance work at the Property by

allowing weld slag to fall and ignite the plastic conveyor belt below, resulting in a fire at the Property.

19. As a direct and proximate result of one or more of the foregoing negligent acts or omissions, the fire occurred at the Property causing substantial property damage and business interruption damages to Refresco in the sum of $12,333,959.

WHEREFORE, Plaintiff Allianz respectfully requests judgment in its favor and against Preferred in the sum of $12,333,959, together with costs, interest and any other relief deemed appropriate by this Court.

## **COUNT II – BREACH OF CONTRACT - PREFERRED**

19. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-18 of this Complaint as though the same were fully set forth at length herein.

20. Preferred employees were onsite at the Property on August 5, 2020 completing some of the work outlined in Purchase Order 4501380722 attached hereto as Exhibit A.

21. The work being completing by Preferred's employees was subject to the terms and conditions of the Purchase Order 4501380722 (the "Contract").

22. Paragraph 1 (Agreement) of the Contract states:

> Except if otherwise agreed by both parties in writing, these terms and conditions (collectively, "Terms") together with any written commercial terms, purchase order, work order, scope of work, statement of work, offer of other similar writing ("Order) signed by Refresco Beverage US Inc. or one of its subsidiaries ("Buyer") to purchase, and any vendor ("Vendor") to sell, ingredients, packaging, materials, parts, equipment and/or goods (collectively "Goods") and/or design, consulting, support, installation, repair, maintenance and/or other Goods and Services shall constitute the agreement ("Agreement") between Buyer and Vendor concerning the sale and purchase of those Goods and Services that are the subject of the Order. Vendor's (a) execution of an Order or any release related to an outstanding Order, (b) failure to object in writing to an Order or any release related to an outstanding Order within one business day

        of receipt, (c) commencement of work on the Goods and/or Services under the terms of an Order, or (d) shipment of the Goods or provisions of Services covered by an Order, whichever occurs first, shall be deemed Vendor's acceptance of both the Order and these Terms. **<u>VENDOR'S ACCEPTANCE IS LIMITED TO ACCEPTANCE OF THE EXPRESS TERMS OF THE AGREEMENT AND DOES NOT INCLUDE ANY ADDITIONAL OR DIFFERENT TERMS PROPROSED BY VENDOR OR ANY ATTEMPT BY VENDOR TO VARY THE TERMS OF THE AGREEMENT.</u>**

23.    Paragraph 4 (Covenants, Warranties and Representations) of the Contract states:

        Vendor covenants, warrants and represents that Goods and Services it provides…(b) shall conform to all applicable drawings, standards, specifications, performance criteria and any other description provided or agreed to by Buyer…(d) shall be free from defects in material and workmanship…Vendor further covenants, warrants and represents that… (ii) Vendor shall provide the Goods and/or Services in an efficient and good professional manner, in compliance with all laws, rules and regulations applicable at the time, consistent with Buyer's policies and procedures applicable from time to time (including but not limited to Buyer's Plant Safety Policy), and in accordance with the highest performance standards of its industry or as may be agreed by the parties…

24.    The terms of the Contract applied to Preferred's service work on August 5, 2020 at the Property.

25.    While performing its service work on August 5, 2020, a Preferred employee was cutting above the cooling tunnel with a MIG plasma cutter when weld slag fell from Preferred's cutting and ignited the plastic conveyor belt below resulting in a fire at the Property.

26.    Preferred failed to perform and complete its service work in a thorough and workmanlike manner free from defects in material and workmanship by allowing weld slag to fall from its cutting and igniting the plastic conveyor belt below resulting in a fire at the Property.

27. By failing to perform its service work in a thorough and workmanlike manner free from defects in material and workmanship by its work resulting in a fire at the Property, Preferred breached the Contract.

28. As a direct and proximate result of Preferred's breach of the Contract, Refresco incurred damages in the sum of $12,333,959.

WHEREFORE, Plaintiff Allianz respectfully requests judgment in its favor and against Preferred for approximately $12,333,959, together with costs, interest and any other relief deemed appropriate by this Court.

Respectfully Submitted,

By: */s/:  George D. Pilja*
George D. Pilja (Florida Bar No.: 0097391)
Foran Glennon Palandech Ponzi & Rudloff PC
222 North LaSalle Street, Suite 1400
Chicago, Illinois  60601
Tel: (312) 863-5000
Fax (312) 863-5099
Mobile: (312) 286-6405
e-mail:  gpilja@fgppr.com

*Attorneys for Plaintiff*